# EXHIBIT 2

 

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

ARTHUR LIERE, an Individual, )
)
Plaintiff, )
)
v. ) Case No.
) **CJ-2025-03077**
EDGEWELL PERSONAL CARE BRANDS, )
LLC, a Foreign Company, EDGEWELL ) **DAMAN CANTRELL**
PERSONAL CARE, LLC, a Foreign Company, )
and SUN PHARMACEUTICALS, LLC, a )
Foreign Company, )
)
) ATTORNEY LIEN CLAIMED
Defendants. )

**DISTRICT COURT FILED JUL 14 2025 DON NEWBERRY, Court Clerk STATE OF OKLA. TULSA COUNTY**

## PETITION

Plaintiff Arthur Liere, by and through his attorneys of record, SMOLEN | LAW, PLLC, alleges and states as follows for his causes of action against Defendants Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC, and Sun Pharmaceuticals, LLC (collectively Defendants):

### PARTIES, JURISDICTION, AND VENUE

1. Mr. Liere is a resident of and a citizen of the State of Texas.

2. Defendant Edgewell Personal Care Brands, LLC, is a Delaware limited liability company with its headquarters in Shelton, Connecticut, is the sole member of Edgewell Personal Care Brands, LLC, and conducts business throughout the United States, including in Tulsa County, Oklahoma.

3. Defendant Edgewell Personal Care, LLC is a Delaware limited liability company that conducts business throughout the United States, including Tulsa County, Oklahoma.

4. Sun Pharmaceuticals, LLC Corporation is a Delaware limited liability company that conducts business throughout the United States, including Tulsa County, Oklahoma.

1

5. The acts, injuries, and omissions giving rise to this lawsuit occurred, in part, in Tulsa County, Oklahoma.

6. This Court has jurisdiction, and venue is proper in Tulsa County, Oklahoma.

## STATEMENT OF FACTS

7. Paragraphs 1-6 are incorporated herein by reference.

8. Beginning in the summer of 2020, and continuing forward, Mr. Liere purchased over the years multiple bottles of Banana Boat Hair & Scalp Defense sunscreen for his personal use.

9. Mr. Liere used the subject sunscreen as directed and as intended.

10. Unbeknownst to Mr. Liere, the subject sunscreen was contaminated with the known carcinogen benzene.

11. In or about January of 2023, Mr. Liere was notified that the subject sunscreen may not meet mandatory or voluntary safety standards.

12. In or about October of 2023, Mr. Liere was diagnosed with squamous cell carcinoma, which has been ongoing and recurring since then.

13. Defendants developed, designed, manufactured, and put into the stream of commerce the subject sunscreen.

14. Defendants were negligent in developing, designing, manufacturing, and/or distributing the subject sunscreen.

15. Defendants' acts and omissions caused Mr. Liere to develop squamous cell carcinoma, which has been ongoing and recurring.

16. As a result of Defendants' acts and omissions, Mr. Liere has suffered actual damages including, but not limited to, past and future personal injury, past and future mental and

physical pain and suffering, past and future painful surgical procedures, and other actual damages and punitive damages in excess of $75,000.

## CAUSES OF ACTION

### COUNT I - NEGLIGENCE

17. Paragraphs 1-16 are incorporated herein by reference.

18. Defendants manufactured the subject sunscreen in the normal course of their business.

19. Defendants owed a duty to Mr. Liere and other similarly situated consumers to exercise reasonable care in developing, designing, manufacturing, and/or distributing the subject sunscreen.

20. Defendants breached that duty by failing to exercise reasonable care in developing, designing, manufacturing, and/or distributing the subject sunscreen by allowing the subject sunscreen to be contaminated with the known carcinogen benzene.

21. As a result of Defendants' negligence, Mr. Liere suffered actual damages including, but not limited to, past and future personal injury, past and future mental and physical pain and suffering, past and future painful surgical procedures, and other actual damages and punitive damages in excess of $75,000.

### COUNT II – MANUFACTURERS' PRODUCTS LIABILITY

22. Paragraphs 1-21 are incorporated herein by reference.

23. Defendants developed, designed, manufactured, and/or distributed the subject sunscreen.

24. Defendants were in the business of developing, designing, manufacturing, and/or distributing the subject sunscreen.

25. The subject sunscreen was defective because it contained the known carcinogen benzene, and because of that defect, the subject sunscreen was unreasonably dangerous to a person who uses, consumes, or might be reasonably expected to be affected by the subject sunscreen.

26. The subject sunscreen was defective at the time it was developed, designed, manufactured, and/or distributed by Defendants or left their control.

27. Mr. Liere was a person who used, consumed, or could have reasonably been affected by the subject sunscreen.

28. Mr. Liere sustained personal injuries directly caused by the defect in the subject sunscreen.

29. As a result of Defendants' acts and omissions, Mr. Liere has suffered actual damages including, but not limited to, past and future personal injury, past and future mental and physical pain and suffering, past and future painful surgical procedures, and other actual damages and punitive damages in excess of $75,000.

## COUNT III – BREACH OF WARRANTY

30. Paragraphs 1-29 are incorporated herein by reference.

31. Defendants were in the business of developing, designing, manufacturing, and/or distributing the subject sunscreen.

32. The subject sunscreen contained express and implied warranties that it would not be defective or unreasonably dangerous.

33. The subject sunscreen was, in fact, contaminated with benzene, a known carcinogen, which made the sunscreen defective and unreasonably dangerous, and Defendants thereby breached all express and implied warranties.

34. As a result of the breach of express and implied warranties, Mr. Liere suffered personal injuries.

35. As a result of Defendants' breach of warranties, Mr. Liere has suffered actual damages including, but not limited to, past and future personal injury, past and future mental and physical pain and suffering, past and future painful surgical procedures, and other actual damages and punitive damages in excess of $75,000.

## COUNT IV – PUNITIVE DAMAGES

36. Paragraphs 1-35 are incorporated herein by reference.

37. The intentional, wanton, and reckless conduct of Defendants in disregard of Mr. Liere was conducted with full knowledge, in that Defendants knew, or should have known, of the severe adverse consequences of their actions and/or omissions.

38. Defendants' actions and/or omissions constituted reckless disregard for the rights of Mr. Liere.

39. The acts of Defendants were wrongful, culpable, and so egregious that punitive damages in a sum that exceeds $75,000 should be awarded against Defendants to set an example to others similarly situated that such inexcusable conduct will not be tolerated in our community.

**WHEREFORE**, Mr. Liere prays this Court enter judgment against Defendants and grant Mr. Liere actual damages in excess of $75,000, punitive damages in excess of $75,000, costs, pre-judgment interest, his attorneys' fees, post-judgment interest, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN | LAW, PLLC

_____
Donald E. Smolen, II, OBA #19944
Michael F. Smith, OBA #14815
Christopher U. Brecht, OBA #22500
611 S. Detroit Ave.
Tulsa, OK 74120
P: (918) 777-4LAW (4529)
F: (918) 890-4529
don@smolen.law
michael@smolen.law
chrisbrecht@smolen.law
*Attorneys for Plaintiff*